IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ALEX ALEXIS and LINDA K. ALEXIS, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Civil Action No. 11-1211-LPS-SRF |
| | ) |
| RUSSELL L. LAW and BUILDERS TRANSPORTATION CO., LLC, | ) |
| | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

### I. INTRODUCTION

Pending before the Court in this diversity action is a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), which was filed by defendants Russell L. Law and Builders Transportation Co., LLC ("Defendants") on December 14, 2011 for purposes of seeking dismissal of claims for punitive damages and allegations of willful and wanton misconduct. (D.I. 3) For the following reasons, I recommend that the Court deny Defendants' motion.

### II. BACKGROUND

Plaintiffs Alex Alexis and Linda K. Alexis (together, "Plaintiffs") initiated this action in the Superior Court of the State of Delaware in and for New Castle County on November 13, 2011. (D.I. 1 at ¶ 1) Plaintiffs are residents of the State of Maryland. (D.I. 1, Ex. 1 at ¶ 1) Defendants removed the action to this Court on the basis of diversity jurisdiction on December 7, 2011. (D.I. 1) Defendant Russell L. Law ("Law") is a resident of the State of Virginia. (D.I. 1, Ex. 1 at ¶ 2) Defendant Builders Transportation Co., LLC ("Builders") is a limited liability company formed under the laws of Tennessee and engaging in substantial interstate commerce in the State of Delaware. (*Id.* at ¶ 3) Builders is a freight hauling company which employs Law as

a truck driver. (*Id.* at ¶ 4)

On January 18, 2011, Alex Alexis' vehicle became disabled in the far right lane of the Delaware Memorial Bridge due to a mechanical failure. (*Id.* at ¶ 6) His vehicle was then struck by a Freightliner tractor trailer driven by Law and owned by Builders. (*Id.* at ¶¶ 7-8, 16) According to Plaintiffs, Law proximately caused the accident when he failed to stop and continued traveling towards the disabled vehicle, anticipating that he could switch lanes or maneuver around the vehicle. (*Id.* at ¶ 8) As a result of the accident, Alex Alexis suffered personal injuries, was transported to the emergency room in an ambulance, and underwent surgery. (*Id.* at ¶ 9)

Plaintiffs assert a claim against Defendants for willful and wanton misconduct at Count V of the complaint, demanding punitive damages for Law's "willful and wanton disregard for the acceptable practices needed to be followed when operating a commercial tractor-trailer, and for the safety and well-being of other drivers." (*Id.* at ¶ 24) Furthermore, Plaintiffs allege that Law "demonstrated conscious indifference to a highly unreasonable risk of harm to the health, safety and welfare of others." (*Id.* at ¶ 25)

### III. LEGAL STANDARD

To state a claim upon which relief can be granted pursuant to Rule 12(b)(6), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although detailed factual allegations are not required, the complaint must set forth sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). A claim is facially plausible when the factual

allegations allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Twombly*, 550 U.S. at 555-56; *Iqbal*, 556 U.S. at 663. At bottom, "[t]he complaint must state enough facts to raise a reasonable expectation that discovery will reveal evidence of [each] necessary element" of the plaintiff's claim. *Wilkerson v. New Media Tech. Charter Sch. Inc.*, 522 F.3d 315, 321 (3d Cir. 2008) (internal quotation marks omitted). The court need not accept as true "threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 663.

## IV. DISCUSSION

In support of their motion to dismiss, Defendants argue that punitive damages are not warranted because Defendants failed to act with an "evil motive" or intent to injure plaintiff Alex Alexis, and therefore, Defendants' conduct amounts to no more than ordinary negligence. (D.I. 3 at 4) According to Defendants, Law's state of mind cannot be inferred from the mere happening of the accident, and Plaintiffs fail to allege the kind of conduct that must be punished or deterred. (*Id.* at 4-5)

In response, Plaintiffs contend that the complaint sufficiently pleads a basis for punitive damages. Plaintiffs note that Law knew the vehicle was immobile and that his decision to continue traveling towards it "with a several-ton Freightliner tractor trailer traveling at a high rate of speed created a significant risk of death to any occupant of that vehicle." (D.I. 4 at 3) Moreover, Plaintiffs claim that it is premature to dismiss claims for punitive damages at the pleadings stage. (*Id.* at 4)

This Court, sitting in diversity jurisdiction, is bound to apply the law of Delaware to Plaintiffs' common law tort claims. *See Sellon v. Gen. Motors Corp.*, 521 F. Supp. 978, 981 (D.

3

Del. 1981). Viewing the facts in the complaint in the light most favorable to Plaintiffs, I find that the complaint sufficiently pleads a cause of action for punitive damages based on recklessness or willful and wanton conduct.

The availability of punitive damages for a plaintiff "turns on whether the plaintiff can establish a *prima facie* case that the tortfeasor's driving exhibited a willful and wanton disregard for the safety of others." *Enrique v. State Farm Mut. Auto. Ins. Co.*, 2009 WL 2215073, at *1 (Del. Super. July 16, 2009). A defendant's conduct must reflect a "conscious indifference" or "I don't care" attitude to be willful or wanton. *Porter v. Turner*, 954 A.2d 308, 312 (Del. 2008) (internal quotations omitted). Mere inadvertence, mistake, or errors of judgment will not suffice. *Elliot v. Jewell*, 1997 WL 364051, at *2 (Del. Super. Apr. 23, 1997). A decision must not only be wrong, but must also result from a conscious indifference to the decision's foreseeable effect. *Id.* (denying defendant's motion for summary judgment as to punitive damages for willful and wanton conduct where defendant was traveling at a high rate of speed into a sharp, blind curve, resulting in an accident).

At the pleadings stage, the Court need only consider whether the factual allegations in the complaint state a claim for relief that is plausible on its face. The allegations in the present case establish that Law "observed Plaintiff's immobile vehicle" in the same lane but, "instead of stopping, with reckless abandon he continued traveling in that lane, unsuccessfully gambling that he could squeeze by Plaintiff's vehicle." (D.I. 1, Ex. 1 at ¶ 8) The allegations of a tractor trailer advancing toward a disabled vehicle in this manner, without stopping and without a means of avoiding the vehicle, state a sufficient claim for punitive damages based on willful or wanton conduct. Plaintiffs adequately plead conduct that shows indifference, with the realization of the

4

possibility of injury to others, and disregard of the probable consequences. *See Elliott*, 1997 WL 364051, at *3.

## V. CONCLUSION

For the reasons discussed above, I recommend that the Court deny Defendants' motion to dismiss.

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D. Del. LR 72.1. The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Report and Recommendation. Fed. R. Civ. P. 72(b). The failure of a party to object to legal conclusions may result in the loss of the right to de novo review in the district court. *See Henderson v. Carlson*, 812 F.2d 874, 878-79 (3d Cir. 1987); *Sincavage v. Barnhart*, 171 F. App'x 924, 925 n.1 (3d Cir. 2006).

The parties are directed to the Court's Standing Order In Non-Pro Se Matters For Objections Filed Under Fed. R. Civ. P. 72, dated November 16, 2009, a copy of which is available at http://www.ded.uscourts.gov/court-info/local-rules-and-orders/general-orders.

Dated: June 29, 2012

Sherry R. Fallon
UNITED STATES MAGISTRATE JUDGE